

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin 14, Texas

Dear Mr. Butler:

Opinion No. O-7235

Re: Whether Domestic Title Insurance Companies licensed under Article 1302a shall continue to pay franchise taxes prescribed by Section 7, Article 1302a, or whether they shall pay the premium tax imposed by House Bill No. 54, 49th Legislature?

You have requested the opinion of this Department in answer to the following question:

"Please advise me whether domestic title insurance companies licensed under Article 1302a shall continue to pay franchise taxes prescribed by Section 7 of Article 1302a or whether they shall pay the premium tax imposed by House Bill No. 54 enacted by the 49th Legislature?"

The pertinent parts of Article 7064, Revised Civil Statutes of Texas, 1925, are as follows:

"Every insurance company transacting the business of . . . <u>title</u> . . . or any other kind or character of insurance business other than the business of life insurance, within this State . . . at the time of filing its annual statement, shall report to the Commissioner of Insurance the gross amount of premiums received in the State upon property, and from persons residing in the State during the preceding year, and each of such companies shall pay an annual tax upon such gross premium receipts as follows: . . . No such insurance company shall receive a permit to do business

Honorable George B. Butler, Chairman, page 2

> in this State until such taxes are paid. . . .
> No occupation tax shall be levied on insurance
> companies herein subjected to a gross premium re-
> ceipt tax by any county, city or town. . . The
> taxes aforesaid shall constitute all taxes and
> license fees collectible under the laws of this
> State against any such insurance companies."

The foregoing Article was later amended by House Bill
No. 8, Acts 1936, Third Called Session, page 2040, Chapter 495,
Article 4, Section 5; House Bill No. 441, Acts 1937, 45th Legis-
lature, page 525, Chapter 258, Section 1; House Bill No. 556,
Acts 1939, 46th Legislature, page 638; and House Bill No. 8,
Acts 1941, 47th Legislature, page 269, Chapter 184, Article 18,
Section 1. None of these amendments changed the material provi-
sions of Article 7064 above set forth but related mainly to the
amount of the tax, additional classifications of subjects, and
other matters not pertinent to this question.

House Bill 153, Acts 1929, 41st Legislature, page 77,
Chapter 40, (codified as 1302a, Vernon's Annotated Civil Statutes)
provided for the creation of corporations for owning abstract
plants, insuring titles, lending money and dealing in securities
and acting as trustees and for regulation of such corporations
by the Board of Insurance Commissioners. The pertinent sections
of this Act are as follows (all emphases hereafter added):

> "Section 7. The general laws applicable to
> payment of filing fees and franchise taxes of cor-
> porations having a capital stock are hereby made
> applicable to corporations coming under the provi-
> sions of this Act. Domestic corporations operat-
> ing under this law shall not be required to pay
> premium taxes."

> "Section 8. The charter of corporations in-
> corporated hereunder, and the amendments thereto,
> shall be filed with the Board of Insurance Commis-
> sioners, which said Board shall collect from the
> said companies filing fees and franchise taxes re-
> quired under the law."

> "Section 22. Any corporation organized and
> incorporated under the laws of any other state, ter-
> ritory or country for the purpose of transacting a
> title insurance or title guaranty business shall be

Honorable George B. Butler, Chairman, page 3

required to pay the same filing fees and occupa-
tion tax as any foreign casualty company is re-
quired to pay in order to procure a permit to do
business in Texas.  Such foreign title companies
will not be required to pay a franchise tax,"

That a franchise tax is an occupation or privilege tax
under the laws of this State is unquestioned.  By virtue of the above
sections, domestic title insurance or title guaranty companies paid
a franchise tax while foreign title insurance or title guaranty com-
panies paid a gross premium receipts tax under the provisions of
Article 7064, supra.

It is a matter of common and general knowledge that
after the Supreme Court of the United States rendered its opinion
in June, 1944, in the case of Southeastern Underwriters Association
v. United States, thereby holding the business of insurance to be
interstate commerce when carried beyond the borders of any of the
several states, it was the intention of the 49th Legislature to en-
act such legislation as might be necessary to eliminate the discrim-
ination, if any, in the taxation of foreign insurance companies and
domestic insurance companies.

The 49th Legislature thereupon enacted House Bill 23,
Acts 1945, 49th Legislature, page 442, Chapter 279, (erroneously
codified as Article 4769a, V. A. C. S.), which provided for the tax-
ation of all insurance organizations transacting the business of
life, personal accident, life and accident, or health and accident,
insurance for profit, or mutual benefit or protection in the State
of Texas, which specifically repealed Articles 7064a and 4769 of
the Revised Civil Statutes of Texas and also contained a general
repealing clause.  The Legislature also enacted House Bill 54, Acts
1945, 49th Legislature, page 574, Chapter 341, Section 1, which
amended Article 7064 hereinbefore referred to.  Each of these bills
was complementary to the other, it being the manifest intention of
the Legislature thereby to tax without discrimination every foreign
and domestic insurance organization doing every class of insurance
business permitted by the laws of the State of Texas.

Article 7064, as so amended by the Acts of 1945, pro-
ceeded to tax all organizations doing a title insurance business and

Honorable George B. Butler, Chairman, page 4

provided for a tax upon the gross premium receipts in approximately the same manner as in the original act. It changed materially the reduction of the rate of the tax by investment in approved Texas securities as defined in the act. The last paragraph of the amended article is set forth verbatim:

"No occupation tax shall be levied on insurance companies herein subjected to the gross premium receipt tax by any county, city or town. All mutual fraternal benevolent associations now or hereafter doing business in this State under the lodge system and representative form of government, whether organized under the laws of this State or a foreign state or country, are exempt from the provisions of this Article. The taxes aforesaid shall constitute all taxes collectible under the laws of this State against any such insurance carriers except maintenance taxes specially levied under the laws of this State and assessed by the Board of Insurance Commissioners to support the various activities of the divisions of the Board of Insurance Commissioners, and except if any such carrier is writing personal accident or health and accident insurance other than workmen's compensation, it shall be taxed as otherwise provided by law on account of such business; and except unemployment compensation taxes levied under Senate Bill No. 5, passed by Third Called Session of the Forty-fourth Legislature and amendments thereto. No other tax shall be levied or collected from any insurance carrier by the state, county, city or any town, but this law shall not be construed to prohibit the levy and collection of state, county and municipal taxes upon the real and personal property of such carrier. Purely cooperative or mutual fire insurance companies carried on by the members thereof solely for the protection of their own property, and not for profit, shall be exempt from the provisions of this law. This Act shall be cumulative of all other laws and shall repeal Article 4758, Revised Civil Statutes of 1925, as amended, and all other laws only in so far as they levy any tax on any of the organizations affected by this Act or otherwise conflict with this Act, except as provided above."

Honorable George B. Butler, Chairman, page 5

Repeals are of two kinds--express or implied. An express repeal is one accomplished by positive enactment declaring the purpose of the Legislature. It may be general or special. Where a new enactment abrogates any former act on the same subject with which it clearly and manifestly conflicts, to the extent of the inconsistency or repugnance between the two, such enactment constitutes a repeal by necessary implication and has the same effect as an express repeal. The question of repeal is one of legislative intent. Parshall v. State, 138 S. W. 759; 39 Texas Jurisprudence, pp. 130 and 137.

It will be noted that the foregoing provisions of Article 7064, as amended, state that: "The taxes aforesaid shall constitute all taxes collectible under the laws of this State against any such insurance carriers. . ." and that "No other tax shall be levied or collected from any insurance carrier by the State, . . ." Each of the foregoing provisions constitutes a repeal by implication of the emphasized portions of Sections 7 and 8 of Article 1302a, supra.

The further provision of the amended article that "this act. . . shall repeal.. . . all other laws only insofar as they levy any tax on any of the organizations affected by this Act or otherwise conflict with this Act, except as provided above," constitutes an express general repeal of all those parts of Article 1302a which provide for the collection from or a payment by domestic title insurance or title guaranty companies of franchise taxes to be assessed and collected under the provisions of Article 7084, Revised Civil Statutes, 1925, as amended, effective September 3, 1945.

It is therefore the opinion of this Department that the Board of Insurance Commissioners has no authority to and should not demand or accept franchise taxes from any domestic title insurance or title guaranty company chartered under the laws of the State of Texas, but that it is the duty of such domestic companies to pay the gross premium receipts tax according to the terms and provisions of Article 7064, Revised Civil Statutes, 1925, as amended by Acts 1945, 49th Legislature, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

C. K. Richards
Assistant

APPROVED MAY 1946
FIRST ASSISTANT
ATTORNEY GENERAL

CKR:JCP

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN